

Matthew Levy  |  Partner
Direct 914.798.5445  |  mlevy@goldbergsegalla.com

May 3, 2024

**VIA EMAIL and NYSCEF**
CronanNYSDChambers@nysd.uscourts.gov

Hon. John P. Cronan,
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Plaintiff shall respond to the instant submission no later than May 9, 2024.

SO ORDERED.
May 8, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

RE:  *Lisandro Rubio De Los Santos vs. Ronald Jones, Jr. and Smith Transport, Inc.*
Case No.: 1-24-cv-01354-JPC

Dear Honorable Judge Cronan:

Our office represents the defendants **Smith Transport Inc. and Ronald Jones, Jr**. in this lawsuit.

We acknowledge receipt of the Court's April 29, 2024 Order, which directs the parties to meet and confer, set forth a proposed case management plan and draft a joint letter.

We believe that there is an important issue that should be addressed with this Court at the upcoming initial conference before we can move forward with discovery. Therefore, we respectfully request that the schedule imposed by this Court for submission of a proposed case management plan and joint letter be held in abeyance until the issue raised in this letter is resolved.

We believe that a conflict of interest may exist with plaintiff's counsel's continued representation of the plaintiff in this case. We further believe that this potential conflict may significantly taint the validity and credibility of this entire case. With that said, we would like the opportunity to conduct some preliminary discovery on this limited issue and potentially file a motion to disqualify counsel depending on the outcome of this discovery. We have already served two discovery demands relating to this issue.  Please see demands from March 12, 2024 and April 24, 2024 annexed hereto as **Exhibits "A" and "B".**

In sum, from my review of the no-fault records recently received from Geico Insurance Company, I learned that plaintiff's counsel, Boris Tadchiev, not only represents the plaintiff Mr. Lisandro Rubio De Los Santos for personal injuries, as the operator of the other vehicle involved in this accident, but he also represents some of plaintiff's medical providers for their no fault bill collection. See **Exhibit "C".** Specifically, while representing plaintiff, Mr. Tadchiev

**Please send mail to our scanning center at: PO Box 1020, Buffalo NY 14201**

**OFFICE LOCATION** 50 Main Street, Suite 425, White Plains, NY 10606-1934  |  **PHONE** 914-798-5400  |  **FAX** 914-798-5401  |  **www.goldbergsegalla.com**
CALIFORNIA  |  CONNECTICUT  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA
824\0061\40397459.v2

May 3, 2024
Page 2

simultaneously represents Cross Bay Orthopedic Surgery, Madison RX and Manor Med Supplies in connection with no fault bill collection related to plaintiff's treatment, surgery, pharmacy prescription and medical supply prescription.

    Notably, Dr. Peter Tomasello is a physician at Cross Bay Orthopedic Surgery and was also plaintiff's surgeon for his shoulder surgery allegedly caused by accident. Mr. Tadchiev sent a letter to Geico on May 18, 2022 stating that they represent Cross Bay Orthopedic Surgery for collection of the shoulder surgery bill in the amount of $10,667.83. The surgery took place on May 14, 2022, merely four days earlier. Dr. Tomasello from Cross Bay Orthopedic Surgery also performed arthroscopic surgeries to each of the three passengers' shoulders following this accident in addition to one knee surgery on one of the passengers. Therefore, in total, Dr. Tomasello performed a total of five surgeries on the four individuals in Mr. De Los Santos' vehicle. Mr. Tadchiev also represented Cross Bay Orthopedic Surgery in connection with collection of no-fault bills for the passengers' treatment as well.

    From my review of the NYSCEF system, Mr. Tadchiev has appeared as defense counsel on no fault related matters for Cross Bay Orthopedic Surgery in approximately 44 Declaratory Judgment actions filed by insurance carriers over the last couple of years. Mr. Tadchiev has appeared as defense counsel on no fault related matters for Madison RX in seven (7) Declaratory Judgment actions over the last couple of years. Mr. Tadchiev has appeared as counsel for Manor Med Supplies on no fault related matters in approximately sixteen (16) Declaratory Judgment actions filed in the last couple of years.

    According to Rule 1.7 of the Rules of Professional Conduct: Conflict of Interest: Current Clients (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

    In this situation, there could be a conflict of interest in the representation of the plaintiff as Mr. Tadchiev may have a financial, business or personal interest and motivation in representing Cross Bay Orthopedic Surgery, Madison RX and/or Manor Med Supplies for no fault bill collection on not only this matter, but on many other matters over the last couple of years. His decisions in terms of how he prosecutes this case and to which doctor he refers his client could be financially motivated instead of what is in the best interests of the client. We do not know yet, what, if any potential financial interests there would be for Cross Bay Orthopedic Surgery, Madison RX and Manor Med Supplies to virtually always use Mr. Tadchiev as their attorney for no-fault bill collection. An attorney is not needed to simply submit a bill to no fault unless the bill is denied. This is a clerical task, and if Mr. Tadchiev is earning fees, perhaps substantial fees, for tasks that are clerical in nature, that would presumably be enough to demonstrate the existence of a conflict.

May 3, 2024
Page 3

Moreover, the simultaneous representation of plaintiff and plaintiff's medical providers in this case can lead to differing and conflicting interests particularly in the event the no fault bill collection is unsuccessful and the patient bears responsibility for the payment of the bill either directly, or as part of a lien towards any settlement.

Additionally, factoring into this potential conflict are attorney client privilege implications that could arise representing both plaintiff and his medical providers.

The preliminary discovery sought would be needed to learn about the nature of the business relationship between Boris Tadchiev and Cross Bay Orthopedic Surgery, Madison RX and Manor Med Supplies. As indicated above, we have already served two discovery demands regarding this issue.

As such, we feel that this preliminary issue regarding a potential conflict of interest is important to investigate early before we start on the path of discovery.

Thank you for your time, attention and consideration.

Respectfully submitted,

*/s/ Matthew Levy*

Matthew Levy

ML/ht
Attachments
cc: The Tadchiev Law Firm, P.C.

824\0061\40397459.v2