

Matthew Levy | Partner
Direct 914.798.5445  |  mlevy@goldbergsegalla.com

May 14, 2024

**VIA EMAIL and NYSCEF**
CronanNYSDChambers@nysd.uscourts.gov

Hon. John P. Cronan
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

RE:   *Lisandro Rubio De Los Santos vs. Ronald Jones, Jr. and Smith Transport, Inc.*
      Case No.: 1-24-cv-01354-JPC

Dear Honorable Judge Cronan:

Please allow the following to serve as a response to plaintiff's letter dated May 13, 2024.

The purpose of our letter, as stated therein, was to alert the Court as to a possible conflict of interest which could taint the validity and credibility of this case. We requested an opportunity to conduct discovery regarding the relationship between plaintiff's law firm and Cross Bay Orthopedic Surgery, Madison TX and Manor Med Supplies. We have already served two discovery demands relating to this issue, which were attached as exhibits, and for which we have received no responses.

Plaintiff's counsel argues that defendants do not have standing to address a potential conflict of interest. The same argument was unsuccessfully made by plaintiff's law firm in *Cohen v. Strouch,* 2011 U.S. Dist. LEXIS 30778, 2011 WL 1143067 (SDNY 2011). In granting disqualification of plaintiff's law firm, the Honorable Denise Cote, determined that

> [e]ven if Defendants lack standing, however, this does not mean that the conflict issues should not be addressed or that the Defendants brought the motion in bad faith. Quite the contrary, 'attorneys are officers of the court, and are obligated to adhere to all disciplinary rules and to report incidents of which they have unprivileged knowledge involving violations of a disciplinary rule.' (citation omitted). Even when the interests of their client are unaffected by a violation of ethnical disciplinary rules, opposing counsel should call them to the attention of the court. Any lack of standing is moot, since the court should exercise its 'inherent power to preserve the integrity of the adversary process' when possible conflicts arise." *Hempstead Video, Inc. v. Village of Valley Stream,* 409 F.3d 127 (2d Cir. 2005).

**Please send mail to our scanning center at: PO Box 1020, Buffalo NY 14201**

**OFFICE LOCATION** 50 Main Street, Suite 425, White Plains, NY 10606-1934  |  **PHONE** 914-798-5400  |  **FAX** 914-798-5401  |  **www.goldbergsegalla.com**
CALIFORNIA  |  CONNECTICUT  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA
824\0061\40650336.v1

May 14, 2024
Page 2

As noted in our letter to the Court, from my review of the NYSCEF system, Mr. Tadchiev has appeared as defense counsel for Cross Bay Orthopedic Surgery in 44 Declaratory Judgment actions filed over the last couple of years. Mr. Tadchiev has appeared as defense counsel for plaintiff's pharmacy, Madison RX in seven (7) Declaratory Judgment actions over the last couple of years. Mr. Tadchiev has appeared as counsel for Manor Med Supplies, a company that provided medical supplies for the plaintiff, in sixteen (16) Declaratory Judgment actions filed in the last couple of years. This does not include matters that do not result in publicly filed Declaratory Judgment actions relating to issues concerning denial of no-fault bills.

Mr. Tadchiev has stated that his office did not refer Mr. De Los Santos to any of the three medical providers, and that Mr. De Los Santos did not retain Mr. Tadchiev until January, 2023. The surgery involving Mr. De Los Santos took place in May 2022. In other words, what we now know just from this one representation is that, Mr. De Los Santos underwent arthroscopic surgery of the shoulder for injuries alleging arising out of the subject accident by surgeon (Dr. Tomasello) at Cross Bay Orthopedic Surgery in May 2022, Mr. Tadchiev represented Cross Bay Orthopedic Surgery for collection of the surgery bill, and subsequently Mr. De Los Santos ended up being represented by Mr. Tadchiev in connection with this surgery. Dr. Tomasello also performed arthroscopic surgeries on passengers in Mr. De Los Santos' vehicle.

The request for this discovery has been done at a very early stage of the litigation. This is not meant as a delay tactic as we have already served two discovery demands associated with this issue. The Geico Insurance no-fault records were received by our office in April, 2024 and this was brought to the Court's attention immediately thereafter so as to _not_ delay the litigation. If we waited until after discovery was complete to make this application, I would expect that Mr. Tadchiev would have argued that we waived the potential conflict by taking so long to address this issue with the Court.

As Mr. Tadchiev pointed out, an important consideration in the Second Circuit concerning disqualification issues concerns whether the trial is tainted. In my letter to the Court, I specifically wrote how "we believe that a conflict of interest may exist with plaintiff's counsel's continued representation of the plaintiff in this case. We further believe that this potential conflict may significantly _taint_ the validity and credibility of this entire case." _Emphasis added._ The optics of seeing Mr. Tadchiev representing three medical entities involved in Mr. De Los Santos' care and treatment, and on so many other matters over the last couple of years, is what has prompted the filing of this letter and the request for discovery on this issue. The only other time I have seen this arrangement in my more than 25 year career in handling motor vehicle accident personal injury cases, is on another case I am currently defending involving Mr. Tadchiev where his firm represents the plaintiff in a personal injury lawsuit and the medical facility of the surgeon who performed arthroscopic surgery on the plaintiff.

What we know as of now is that Mr. Tadchiev's law firm appears to have some sort of a business relationship with the medical entities where plaintiff treated, including the surgeon's office. Mr. De Los Santos underwent a surgery performed by a surgeon at Cross Bay Orthopedic Surgery, Mr. Tadchiev represented Cross Bay Orthopedic Surgery in connection with their

May 14, 2024
Page 3

collection of that surgery bill and Mr. De Los Santos subsequently ended up being represented by Mr. Tadchiev.

We respectfully submit that, based on the issues raised herein, discovery is warranted as to the nature of these business relationships, where there is a conflict of interest and whether this entire case is tainted based on these business relationships with plaintiff's surgeon's office, plaintiff's pharmacy and plaintiff's medical supply company.

Thank you for your time, attention and consideration.

Respectfully submitted,

*/s/ Matthew Levy*

Matthew Levy (1522)

ML/ht

cc: The Tadchiev Law Firm, P.C.

The Court has considered Defendants' request to adjourn the initial pretrial conference to allow for limited discovery on Plaintiff's counsel's representation of certain of Plaintiffs' medical providers for their no fault bill collection.  *See* Dkts. 6, 9, 10.  The Court denies Defendants' request to adjourn the conference.  The parties shall appear at the scheduled telephonic conference on May 22, 2024, at 3:00 p.m.  The parties are also directed to meet and confer and to file their joint submission, as described in this Court's April 29, 2024 Order, Dkt. 5, no later than May 20, 2024.  At the initial pretrial conference, the parties should be prepared to discuss further the issues raised in their recent submissions to the Court.  The Clerk of Court is respectfully directed to terminate the requests pending at Docket Numbers 6 and 10.

SO ORDERED.
May 16, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

824\0061\40650336.v1